# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case Nos.  06-20082-CM |
| CHRISTOPHER R. KEMP, ) | 09-2190-CM |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the court on defendant Christopher R. Kemp's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 27).  In its response, the government asks the court to enforce defendant's waiver of the right to bring a § 2255 motion contained in defendant's plea agreement.  For the following reasons, the court enforces the waiver and denies defendant's motion.

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).  The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

## Scope of Waiver

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in defendant's plea agreement provides:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. R. Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. . . .

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

Here, defendant challenges his sentence. Recognizing that this argument falls directly within the scope of the plea agreement waiver, he contends that the court should invalidate the plea agreement waiver because he received ineffective assistance of counsel during the plea negotiation process. If defendant is correct, then the court would disregard the waiver. The court will consider whether defendant received ineffective assistance during plea negotiations in the third part of this inquiry – whether defendant will suffer manifest injustice.

### **Knowing and Voluntary**

Defendant acknowledged that he was entering into the plea agreement knowingly and voluntarily both during the plea hearing and in the plea agreement itself. He now suggests in his reply brief that he may have entered into the plea agreement without a complete understanding of his options. Specifically, he contends that he did not know that he could have entered a plea of guilty *without* a plea agreement. But his suggestion is conclusory, and he does not clearly allege that he did not enter into the plea agreement knowingly or voluntarily. It is insufficient to overcome his sworn statements in court. *See Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996) (holding that a defendant is "bound by his 'solemn declarations in open court'"). In any event, the court will consider this argument more fully under the "manifest injustice" factor.

The court has reviewed the entire transcript of the change of plea hearing, and finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement). Nothing in the record suggests that defendant's plea or waiver was unknowing or involuntary.

### **Miscarriage of Justice**

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Defendant bears the burden of showing that one of these factors is met. *Anderson*, 374 F.3d at 959 (citation

omitted).

Defendant's arguments are centered on the second factor—whether he received ineffective assistance in conjunction with the negotiation of the waiver. Specifically, defendant claims that he did not receive any concessions in the plea agreement. He attacks the three things the government agreed to do—(1) dismiss Count 1; (2) not file additional charges; and (3) recommend a two-level reduction for acceptance of responsibility—and argues that they did not benefit defendant. Defendant also complains that the government did not even agree to recommend the low end of the guideline range. At its core, defendant's argument is that his attorney was ineffective for failing to recognize and advise him that he could have received all of the same benefits that the government agreed to give him by pleading guilty without a plea agreement, thereby retaining his right to appeal and collaterally attack the proceedings. Significantly, the court notes that, at the time defendant entered into the plea agreement, he had not filed any pretrial motions or received unfavorable rulings for which he might want to preserve the right to appeal.

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the

-4-

result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

Applying the *Strickland* standard, the court considers defendant's claims. First, defendant complains that the government's agreement to dismiss Count 1 gained him nothing, as his sentence would have been the same either way. But the government's agreement did save defendant from having a second conviction arising out of these charges. And without Count 1, the government was unable to charge defendant with violation of the Armed Career Criminal Act. Defendant's argument fails. The fact that counsel was "only" able to secure dismissal of Count 1 does not render her assistance ineffective.

Second, defendant contends that the government's agreement not to file additional charges was meaningless. According to defendant, "If there were additional potential charges, the government would have filed them." Defendant also argues that the plea agreement only binds the office of the U.S. Attorney, and that other agencies may have filed charges. Again, defendant's argument does not show that his counsel was ineffective. The government represented at sentencing that if defendant had not pleaded guilty to Count 2, the government would have charged defendant with Count 1 and a violation of the Armed Career Criminal Act, which carries a mandatory minimum sentence of fifteen years as opposed to a maximum sentence of ten years. Defendant claims that he could have pleaded guilty to Count 2 without a written plea agreement and still avoided additional charges, but his allegations are conclusory and do not establish prejudice.

Third, defendant claims that the court likely would have given him the two-level reduction

-5-

for acceptance of responsibility regardless of whether he pleaded guilty pursuant to a plea agreement, rendering this portion of the government's agreement meaningless. While defendant may or may not have received the two-level reduction under another scenario, the government's agreement to recommend it is not an illusory promise. Particularly of note in this case is the fact that defendant pleaded guilty four days before trial, and the government had already prepared for trial. The application notes to the Sentencing Guidelines Manual state that a defendant who enters a guilty plea is not entitled to a § 3E1.1 adjustment as a matter of right. They also state that the timing of the defendant's acceptance of responsibility is a consideration for both the two-level reduction and the possible subsequent one-level reduction. Defendant's attorney was not ineffective for failing to advise him that he could likely get the same reduction without waiving his right to appeal or collaterally attack the proceedings.

Finally, defendant argues that his counsel was ineffective because she did not even secure a promise by the government to recommend the low end of the guidelines. The government explained at sentencing why it did not recommend a low-end sentence. The court agreed, sentencing defendant to a mid-range 110 months. Under the circumstances of this case, the court cannot conclude that counsel was ineffective for failing to secure a promise by the government to recommend a sentence at the low end of the guidelines.

In sum, the court determines that counsel was not ineffective in negotiating defendant's plea agreement. Certainly, there were several factors that she had to consider in determining what was in defendant's best interest. Defendant had an extensive criminal history, and his half brother was going to testify for the government. The government was planning on filing a superseding indictment, which would put defendant in the position of facing a mandatory minimum of fifteen years in prison. Defendant had not filed any pretrial motions for which a preservation of the right to

appeal was important. And trial was set within days. Even if defense counsel did not inform him that he had another option—pleading guilty without a plea agreement—defendant does not meet his burden under *Strickland* standards. Significantly, defendant stops short of alleging that given the option, he would have decided to plead guilty without a plea agreement. There is no reason to expect that he would have chosen to plead guilty without an agreement when (1) he did not have a ruling against him for which to preserve the right to appeal; (2) without the agreement, the government may have opposed a two-level reduction for acceptance of responsibility; and (3) without the agreement, the government may have elected to bring charges against him under the Armed Career Criminal Act. All this considered, there is no reason to relieve defendant from the bargain that he made with the government.

## **Evidentiary Hearing**

The record before the court conclusively shows that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that defendant Christopher R. Kemp's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 27) is denied.

Dated this 6th day of January 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**