# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case Nos.    06-20082-CM |
| CHRISTOPHER R. KEMP, ) | 09-2190-CM |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On January 6, 2010, the court denied defendant Christopher R. Kemp's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 27). The court enforced defendant's waiver of the right to bring a collateral attack on his sentence that was contained in defendant's plea agreement. The case now is before the court on defendant's Application for Certificate of Appealability (Doc. 50). Defendant claims that the issue of whether his attorney's performance was deficient in negotiating the plea agreement and whether defendant suffered prejudice is debatable among jurists or deserves further proceedings.

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

In its Memorandum and Order denying defendant's habeas petition, the court applied the *Strickland* standard in determining whether defendant received ineffective assistance of counsel in

the negotiation of the plea agreement and whether defendant suffered prejudice. Defendant contends that his counsel should have done a better job convincing the government to make concessions in the plea agreement. He also claims that he did not know that he could plead guilty without a plea agreement. But he does not allege or even suggest that he would have chosen that option. Based on the arguments presented to the court, the court determined that a hearing on defendant's motion was unnecessary. The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.

For the reasons stated in the court's Memorandum and Order filed January 5, 2010, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Application for Certificate of Appealability (Doc. 50) is denied.

Dated this 1st day of February 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**